UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, PPA MARY DOE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:10-cv-290 (VLB) |
| GREGORY SARNO, | : | |
|     Defendant. | : | November 4, 2010 |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. #10]

This action was filed by Mary Doe on behalf of her minor child, Jane Doe (hereinafter the "Plaintiff").[1] The Plaintiff's Complaint alleges that Gregory Sarno (hereinafter the "Defendant") sexually abused her and took nude photographs of her on various dates during 2007. The Plaintiff asserts five Connecticut state law causes of action against the Defendant, for intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, and invasion of privacy.

The Plaintiff invokes the jurisdiction of this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, alleging that the Plaintiff and her guardian reside in Connecticut while the Defendant resides in New York. See Complaint, Doc. #1 at 1. The Defendant has filed a motion to dismiss the Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) arguing, *inter alia*, that there is no diversity of citizenship between the parties and therefore that this Court lacks subject matter jurisdiction in this action. See Doc. #10. For the reasons that follow,

---

[1] By Order dated March 6, 2010, the Court granted the Plaintiff's Motion to Seal the unredacted version of the Complaint listing the actual names of the Plaintiff and her guardian, and permitted the Plaintiff and her guardian to use pseudonyms in publicly filed documents. See Doc. #7.

the Defendant's motion is GRANTED.

"[I]t is well-established that the plaintiff asserting subject matter jurisdiction has the burden of proving that jurisdiction exists by a preponderance of evidence when opposing a 12(b)(1) motion to dismiss." Holmes v. Air Line Pilots Ass'n, Int'l., - F. Supp. 2d -, 2010 WL 4025594, at *10 (E.D.N.Y. Oct. 12, 2010). "In resolving a Rule 12(b)(1) motion to dismiss, the court must accept as true all material factual allegations in the [complaint], but will not draw inferences favorable to the party asserting jurisdiction." Id. (citation omitted).

The parties dispute the citizenship of the Defendant for diversity purposes. The Plaintiff contends that the Defendant is a citizen of New York, while the Defendant claims that he is a citizen of Connecticut. "A person's citizenship for purposes of diversity jurisdiction is his domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future." Brown v. Smicle, No. 3:09cv2124 (CFD), 2010 WL 382483, at *2 (D. Conn. Jan. 27, 2010). "A party's domicile is assessed as of the date the lawsuit was filed," which in this case is February 26, 2010. Id. Although a person may have multiple residences, he may have only one domicile. See U.S. v. Venturella, 391 F.3d 120, 126 (2d Cir. 2004) ("[D]ual domicile is impossible."); Rosario v. I.N.S., 962 F.2d 220, 224 (2d Cir. 1992) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile.").

It is undisputed that the Defendant was domiciled in Connecticut as of July 31, 2008, when the Plaintiff filed a separate lawsuit in Connecticut Superior Court based upon the same factual allegations giving rise to the instant matter. In that

2

case, the Plaintiff served the Defendant at his Connecticut residence as a resident of Connecticut. The Plaintiff contends, however, that the Defendant subsequently changed his domicile to New York. In support of this assertion, the Plaintiff cites the Defendant's testimony from a deposition taken on April 8, 2010 in an unrelated personal injury lawsuit. During the deposition, the Defendant testified that he has both a residence in Connecticut and an apartment in New York. When asked about the New York address, he stated as follows:

> Q: Is there a place that you consider your primary residence between these two addresses?
>
> A: It would be between the two. I work in Connecticut.
>
> Q: As far as you are concerned, those two addresses constitute both primary residences for you?
>
> A: Yes.

Doc. #12-2.

The Court finds the evidence presented by the Plaintiff to be insufficient to show that Defendant changed his domicile from Connecticut to New York. To effect a change of domicile, two elements are required - first, residence or physical presence in the new domicile; and second, the intent to remain there indefinitely. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). The party alleging that there has been a change of domicile has the burden of proving the required "intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality" by clear and convincing evidence. Id. The Defendant's deposition testimony did not clearly demonstrate his intent to give up his Connecticut domicile and remain in New York indefinitely.

3

While the Defendant acquired an apartment in New York, his testimony indicated that he has maintained his original Connecticut residence and regularly returns to Connecticut, the state in which he works. Although the Defendant may consider both his Connecticut residence and his New York apartment to be "primary residences," he can have only one domicile. Venturella, 391 F.3d at 126; Rosario, 962 F.2d at 224. The Plaintiff has not shown that the Defendant intended to abandon his Connecticut domicile for New York; to the contrary, the evidence presented to the Court indicates that he intended to maintain his domicile in Connecticut. See Biofeedtrac v. Kolinor Optical Ent., 817 F. Supp. 326, 333 (E.D.N.Y.1993) (ownership of an apartment in New York, "absent [owner's] intention to remain indefinitely, does not establish domicile"). Therefore, the Defendant is a citizen of Connecticut for diversity purposes and there is no diversity of citizenship between the parties. Accordingly, this Court lacks subject matter jurisdiction over this action, and it must be dismissed.

## CONCLUSION

Based upon the above reasoning, the Defendant's motion to dismiss for lack of jurisdiction [Doc. #10] is GRANTED. The Plaintiff's Complaint is hereby dismissed. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 4, 2010.